UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

MIGUEL F.,

                           Plaintiff,         <u>DECISION AND ORDER</u>
                                            1:23-cv-04472-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In March of 2021, Plaintiff Miguel F.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on March 7, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on March 31, 2021, alleging disability beginning December 30, 2018. (T at 10, 90, 116).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on April 27, 2022, before ALJ Mark Solomon. (T at 31-65). Plaintiff appeared with an attorney and testified. (T at 40-58). The ALJ also received testimony from Jerold Hildre, a vocational expert. (T at 59-62).

### B.    ALJ's Decision

On July 21, 2022, the ALJ issued a decision denying the application for benefits. (T at 7-27).  The ALJ noted that Plaintiff filed a prior application for benefits on July 6, 2020, which was denied at the initial level.  The ALJ deemed the instant application (filed March 31, 2021) an implied request to re-open the earlier application, which request the ALJ granted. (T at 11).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 6, 2020 (the date he first applied for benefits). (T at 13).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 14.

The ALJ concluded that Plaintiff's seizure disorder, polysubstance abuse mood disorder, lumbar degenerative disc disease, right ankle tear, right knee bursitis, left knee patellar subluxation, PTSD, mood disorder, history of learning disability, and asthma by history were severe impairments as defined under the Social Security Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can occasionally climb, balance, stoop, kneel, crouch and crawl and must avoid concentrated exposure to respiratory irritants and working at unprotected heights or with hazardous machinery. (T at 15).

The ALJ further concluded that Plaintiff could remember, understand, and carry out simple instructions; use judgment to make simple work-related decisions and adapt to occasional changes in the workplace; and tolerate occasional close interpersonal with supervisors and co-workers, but have no interaction with the public. (T at 15).

The ALJ noted that Plaintiff had no past relevant work. (T at 20). Considering Plaintiff's age (29 on the earlier application date), education (limited), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 20).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 6, 2020 (the earlier application date) and July 21, 2022 (the date of the ALJ's decision). (T at 21-22).  On April 11, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on May 30, 2023. (Docket No. 1).  On November 29, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits, on February 28, 2024. (Docket No. 21).  On March 14, 2024, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 22).

## II.  APPLICABLE LAW

*A.    Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for

reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed, which

undermines the RFC determination.  Second, Plaintiff contends that the

ALJ did not adequately address absenteeism or his need for a home health care aide.  This Court will address both arguments in turn.

A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed on March 28, 2017 (T at 10), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

### 1.    *Assessments of Plaintiff's Mental Limitations*

Dr. Dennis Noia performed a consultative psychiatric evaluation in November of 2020.  He described Plaintiff as cooperative and depressed,

with intact attention and concentration, impaired recent and remote memory skills, and good insight and judgment. (T at 539-40).

Dr. Noia diagnosed posttraumatic stress disorder, persistent depressive disorder, and unspecified anxiety disorder. (T at 541). He opined that Plaintiff had no limitation in his ability to understand, remember, or follow simple or complex directions; moderate limitation in using reason and judgment to make work-related decisions and interact adequately with supervisors, co-workers, and the public; mild limitation sustaining concentration, performing at pace, and sustaining an ordinary routine and regular attendance; moderate to marked limitation as to regulating emotions, controlling behavior, and maintaining well-being; and no limitation maintaining hygiene and appropriate attire or being aware of normal hazards and taking appropriate precautions. (T at 541).

Dr. Eleanor Murphy performed a consultative evaluation in July of 2021. On examination, Plaintiff was cooperative, but depressed and irritable, with slurred speech, impaired attention and concentration, impaired memory skills, poor insight, and fair judgment. (T at 664). Dr. Murphy diagnosed mild or major neurocognitive disorder due to head trauma, unspecified neurodevelopmental disorder, unspecified depressive disorder, PTSD, and panic attack secondary to PTSD. (T at 665).

Dr. Murphy opined that Plaintiff had moderate limitation in his ability to understand, remember, and apply simple directions; marked impairment as to understanding, remembering, and applying complex directions; marked impairment in using reason and judgment to make work-related decisions; mild limitation with respect to interacting adequately with supervisors, co-workers, and the public; marked limitation as to sustaining concentration and performing at a consistent pace; moderate impairment in sustaining an ordinary routine and regular attendance; moderate limitation in regulating emotions, controlling behaviors, and maintaining well-being; no limitation in attending to hygiene and attire; and mild impairment in being aware of normal hazards and taking appropriate precautions. (T at 665).

The ALJ found Dr. Noia's opinion to be of "limited persuasiveness." (T at 18).  In particular, the ALJ did not accept Dr. Noia's assessment of moderate to marked limitation with respect to regulating emotions, controlling behavior, and maintaining well-being. (T at 18).

The ALJ considered Dr. Murphy's opinion "generally unpersuasive" and did not accept the consultative examiner's assessment of marked impairment in Plaintiff's ability to use reason and judgment to make work-

related decisions or marked limitation as to his capacity to sustain concentration and perform at a consistent pace. (T at 18-19).

For the following reasons the Court finds the ALJ's analysis of these opinions supported by substantial evidence and consistent with applicable law.

First, the ALJ reasonably read the treatment record as documenting some symptomology, but with generally unremarkable clinical findings, including good cognition; normal attention, concentration, and memory; and appropriate behavior. (T at 17, 556, 565, 573, 633, 745-46, 894, 920).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at \*1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at \*10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips'

opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ's decision is supported by the assessments of the non-examining State Agency review physicians.

Dr. S. Bhutwala believed Plaintiff could perform simple work and assessed mild limitation as to understanding, remembering, or applying information; moderate impairment as to social interaction; moderate limitation with respect to concentration, persistence, and pace; and moderate impairment as to adapting or managing himself. (T at 73, 75).

Dr. M. D'Ortona, another review physician, reached the same conclusions. (T at 101-102).

Although the ALJ found Plaintiff somewhat more limited than these physicians assessed (T at 20), their opinions provide support for the ALJ's decision not to accept the marked limitations found by the consultative examiners. *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a

whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)).

Plaintiff argues that the ALJ erred by failing to account for the consistency between the two consultative examiners' opinions.

The problem with Plaintiff's argument is that the opinions are actually *inconsistent* in important respects. Dr. Noia found no limitation in Plaintiff's ability to understand, remember, or follow simple or complex directions (T at 541), while Dr. Murphy assessed moderate limitation as to simple directions and marked impairment as to complex directions. (T at 665). Dr. Noia found mild limitation with respect to sustaining concentration, performing at pace, and sustaining an ordinary routine and regular attendance (T at 541), while Dr. Murphy found marked limitation as to these abilities. (T at 665). *See Young v. Kijakazi*, No. 20-CV-03604 (SDA), 2021 WL 4148733, at *10 (S.D.N.Y. Sept. 13, 2021)(declining to remand based on ALJ's failure to consider consistency between medical opinions because opinions were "in fact significantly *inconsistent* with one another in the areas where they substantively overlap")(emphasis added)

Moreover, while both examiners found some degree of impairment in Plaintiff's ability to make work-related decisions; interact socially; sustain concentration, persistence, and pace; and regulate emotions, control

behaviors, and maintain well-being, the ALJ appropriately accounted for these limitations by restricting Plaintiff to work involving no more than simple instructions, simple work-related decisions, occasional changes, occasional contact with supervisors and co-workers, and no contact with the public. (T at 15). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

## 2. *Assessments of Plaintiff's Physical Limitations*

Dr. Brian Hoch, Plaintiff's treating physician, completed a medical source statement in November of 2021.  He opined that Plaintiff's experience of pain would constantly interfere with his attention and concentration, that Plaintiff's ability to deal with work stress was severely limited, and that Plaintiff experienced drowsiness, fatigue, and dizziness as side effects of his medication. (T at 863).

Dr. Hoch stated that Plaintiff could not sit more than 15 minutes before needing to alternate positions, would need to elevate both legs when seated, and could sit for less than 1 hour in an 8-hour workday. (T at 863-64).  He further opined that Plaintiff could not stand or walk for more than 15 minutes without needing to lie down or recline in a supine position and could stand or walk for less than 1 hour in an 8-hour workday. (T at 864).

Dr. Hoch reported that Plaintiff could occasionally lift/carry up to 5 pounds, but never more than that; could not balance or stoop; could perform occasional neck flexion and rotation; occasionally reach bilaterally; frequently perform handling and fingering bilaterally; and would likely be absent from work more than 3 times per month because of his impairments or treatment. (T at 866-67).

The ALJ found Dr. Hoch's opinion unpersuasive and concluded that Plaintiff retained the RFC to meet the physical demands of a reduced range of light work. (T at 15, 19).

For the following reasons the ALJ's decision is supported by substantial evidence and is consistent with applicable law.

First, the ALJ reasonably read the record as documenting some degree of limitation, but with generally unremarkable clinical findings and

conservative treatment, including the absence of physical therapy, injections, and surgery, which is not consistent with (or supportive of) Dr. Hoch's extremely restrictive assessment. (T at 16, 19, 546, 557, 592, 594, 889, 900). *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Second, the ALJ's assessment is supported by other medical opinion evidence.

Dr. Allen Meisel performed two consultative examinations.  In January of 2021, he reported that Plaintiff had full flexion, extension, and lateral flexion bilaterally in the cervical spine; full range of motion in the

elbow, forearms, wrists, hips, knees, and ankles; no sensory deficit; and no

muscle atrophy. (T at 546-47). Dr. Meisel assessed marked limitation in

Plaintiff's ability to perform heavy lifting and carrying; marked limitation as

to climbing ladders and scaffolds or being exposed to unprotected heights;

and mild impairment in standing, walking, climbing stairs, bending, and

kneeling. (T at 547-48).  In July of 2021, Dr. Meisel performed a second

examination, noted similar clinical findings, and opined that Plaintiff had no

physical limitations. (T at 671).

The non-examining State Agency review physicians, Drs. R.

Dickerson and S. Naroditsky, opined that Plaintiff was capable of

performing a reduced range of medium work (T at 19, 77-82, 103-08).

Although the ALJ found Plaintiff more limited physically than these

physicians, their opinions provide support for the ALJ's decision to deem

Dr. Hoch's highly restrictive assessment unpersuasive. *See Koehler v.*

*Comm'r of Soc. Sec.*, No. 20 CIV. 7707 (JCM), 2022 WL 875380, at *11-

*13 (S.D.N.Y. Mar. 24, 2022); *Vecchio v. Comm'r of Soc. Sec.*, No. 1-20-

CV8105-MKV-SLC, 2022 WL 873175, at *3 (S.D.N.Y. Mar. 24, 2022); *see*

*also Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the

ALJ may reach a determination that "does not perfectly correspond with

Case 1:23-cv-04472-GRJ   Document 23   Filed 05/13/24   Page 19 of 24

any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law).

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions. However, for the reasons discussed above, the Court concludes the ALJ's decision is supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

### B.   *Absenteeism and Home Health Aide*

Plaintiff argues that the ALJ did not adequately address the extent to which his impairments would impact his ability to stay on-task and maintain a regular routine and appropriate attendance.

Dr. Murphy opined that Plaintiff had marked limitation as to sustaining concentration and performing at a consistent pace and moderate impairment in sustaining an ordinary routine and regular attendance. (T at 665). Dr. Hoch reported that Plaintiff would likely be absent from work more than 3 times per month as a result of his impairments or treatment. (T at 867).

Dr. Noia, however, assessed only mild impairment in Plaintiff's ability to sustain concentration and maintain an ordinary routine and regular attendance. (T at 541).  The State Agency review physicians opined that Plaintiff could perform a reduced range of medium work, involving simple tasks. (T at 77-82, 101-108).

Where, as here, the ALJ reasonably read the record and appropriately weighed the conflicting medical opinion evidence, including the varying assessments of limitation in Plaintiff's ability to maintain attendance (T at 15-20), the Court does not re-weigh the evidence, but rather determines whether substantial evidence supports the ALJ's fact-finding.  *See Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 642 (S.D.N.Y. 2019) ("the reviewing court's task is limited to determining whether substantial evidence exists to support the ALJ's fact-finding; it may

not reweigh that evidence or substitute its judgment for that of the ALJ where the evidence is susceptible of more than interpretation.").

For the reasons outlined above, the Court finds the ALJ's analysis of absenteeism supported by substantial evidence, including a reasonable reading of the record and appropriate reconciliation of the competing medical opinions.  *See Pichardo v. Comm'r of Soc. Sec.*, No. 21-CV-06873 (SDA), 2023 WL 2596970, at *19 (S.D.N.Y. Mar. 22, 2023)(affirming ALJ's decision because while claimant cited evidence of "greater restriction [in his ability to stay on task and sustain regular attendance at work], other evidence … support[ed] the ALJ's determination, including the opinion of psychological consultant Dr. Juriga, Dr. Efobi's testimony and Dr. Miller's opinion that that [claimant] was not significantly limited in his ability to maintain attendance and sustain a routine"); *see also Hussain v. Comm'r of Soc. Sec.*, No. 22-CV-03880 (HG), 2023 WL 8189750, at *7 (E.D.N.Y. Nov. 26, 2023)("The ALJ acknowledged how the different medical opinions regarded potential absences and acted within his discretion to resolve the conflicts therein."); *Martinez v. Comm'r of Soc. Sec.*, No. 21 CIV. 11054 (SLC), 2023 WL 2707319, at *17 (S.D.N.Y. Mar. 30, 2023)("As discussed above, the ALJ considered the conflicting evidence in the Record regarding Mr. Martinez's ability to stay on task and whether he had any limitations in

regular attendance at work. Although Mr. Martinez points to evidence to support a greater restriction than ALJ Banks found, other Record evidence supports the ALJ's determination.").

Plaintiff also argues that the ALJ erred in addressing the evidence of his need for a home health care aide.  Plaintiff testified that he has had a home health care aide since at least 2019, but the ALJ found that the record did not corroborate this claim. (T at 16).

Plaintiff points to evidence in the record substantiating the fact that he did have a home health aide. The evidence cited, however, consists of instances in which medical providers noted that Plaintiff self-reported being enrolled in a home health care aide program. (T at 538-42, 544-48, 668-73, 919-20).  Although this arguably provides some support insofar as it shows that Plaintiff previously made the same claim, it does not constitute independent corroboration of the underlying fact.

In any event, even if the ALJ arguably erred in considering the evidence regarding Plaintiff's use of a home health care aide and/or should have sought further information regarding this issue, any such error is harmless.  As discussed above, the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence, including a reasonable reading and thorough review of the record and appropriate consideration of the medical

opinion evidence.  *See generally Sena v. Berryhill*, No. 3:17-cv-912 (MPS), 2018 WL 3854771, at *6 (D. Conn. Aug. 14, 2018) (affirming ALJ's decision that "stated that he considered the VA's determination but gave it little weight" because it was supported by substantial evidence); *Camino v. Colvin*, No. 1:13–CV–00626 (MAT), 2015 WL 5179406, at *6 (W.D.N.Y. Sept. 4, 2015) (finding harmless error where ALJ did not explicitly consider medical opinion because it would not have changed the outcome of the decision, which was supported by substantial evidence); *Arguinzoni v. Astrue*, No. 08–CV–6356T, 2009 WL 1765252, at *9 (W.D.N.Y. June 22, 2009) (finding harmless error where ALJ did not assign specific weight to medical opinions because decision was supported by substantial evidence) (collecting cases).[3]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED, and this case is DISMISSED. The

---

[3] Plaintiff also argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all his limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is unavailing for the reasons outlined above.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: May 13, 2024

*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge